UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                       :

CARLTON COWIE,                   :

                   :

           Plaintiff,     :

                   :        20 Civ. 3151 (JPC)

        -v-          :

                   :           ORDER

SODEXOMAGIC LLC and SODEXO OPERATIONS, :

LLC,                   :

                   :

          Defendants.   :

-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Defendants moved for leave to file a third-party complaint against non-parties Vitality

Foodservice, Inc. d/b/a Nestlé Professional Vitality and Seda North America, Inc. pursuant to

Federal Rule of Civil Procedure 14(a)(1).  (Dkts. 24, 38.)  Plaintiff opposed this.  (Dkt. 29.)

Defendants' motion became fully briefed on February 12, 2021.  (Dkt. 34.)

      Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons

and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

Fed. R. Civ. P. 14(a)(1).  The third-party plaintiff must obtain the court's leave if, as here, "it files

the third-party complaint more than 14 days after serving its original answer."  *Id.*

      "The decision whether to implead a third-party defendant is addressed to the sound

discretion of the trial court."  *Olin Corp. v. Lamorak Ins. Co.*, No. 84 Civ. 1968 (JSR), 2017 WL

6398632, at *2 (S.D.N.Y. Nov. 29, 2017).  "When determining whether to permit the filing of a

third-party complaint, the court takes into consideration the following factors: '(1) whether the

movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would

delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party

defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted.'" *Satterfield v. Maldonado*, No. 14 Civ. 627 (JCF), 2014 WL 4828860, at *3 (S.D.N.Y. Sept. 19, 2014) (quoting *Fashion-in-Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.*, No. 97 Civ. 340 (DC), 1999 WL 500149, at *6 (S.D.N.Y. July 15, 1999)).

These factors all weigh in favor of granting Defendants' motion.  There is no indication that Defendants engaged in deliberate delay in filing this motion.  Instead, Defendants sought a timely extension of the deadline by which to file this motion in order to identify the alleged manufacturers. (Dkt. 16.)  Plaintiff's argument to the contrary, Dkt. 29 at 3-4, is unavailing.  As for the second factor, Plaintiff concedes that granting this motion "would not complicate the trial."  (*Id.* at 4.) Although Plaintiff argues it would unduly delay trial, the Court finds that any added delay is outweighed by the benefits of judicial economy.  Third, nothing suggests that Vitality Foodservice, Inc. and Seda North America, Inc. would be prejudiced.  Finally, the proposed third-party complaint alleges facts, which, if true, suggest there may be a claim upon which relief can be granted.

For these reasons, the Court grants Defendants' motion for leave to file a third-party complaint and for leave to serve a third-party summons and complaint upon non-parties Vitality Foodservice, Inc. and Seda North America, Inc.

The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 24 and 28.

SO ORDERED.

Dated: February 15, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge