

# SOBEL PEVZNER, LLC

NEW YORK ♦ NEW JERSEY ♦ PENNSYLVANIA

**MICHAEL W. WYNN, ESQ.**
30 Vesey Street, 8th Floor
New York, NY 10007
Tel (212) 216-0020
Fax (646) 688-3646
MWynn@SobelPevzner.com

*Long Island Office*
464 New York Avenue, Suite 100
Huntington, New York 11743
Tel (631) 549-4677
Fax (631) 549-0826

October 22, 2021

**VIA ECF**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

                Re:    *Carlton Cowie v. Sodexomagic, LLC., et ano.*
                       Docket No.    1-20-cv-03151-JPC

Dear Judge Cronan:

      Please be advised, this office represents the Third-Party Defendants, Vitality Foodservice, Inc, D/B/A Nestle Professional Vitality ("Vitality"), in the above referenced matter. We write to you, in accordance of your Individual Rules 5(C) and 6(A), seeking a pre-motion conference concerning a contemplated motion seeking an Order from this Court to further extend the close of fact discovery, compel plaintiff Carlton Cowie ("Plaintiff") to produce of outstanding discovery by a date certain, and to dismiss Plaintiff's Complaint and/or preclude Plaintiff from providing any evidence or testimony at the trial of this action should he fail to comply, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure ("FRCP").

      By way of background, Plaintiff alleges that on October 2, 2017, he sustained personal injuries allegedly sustained after a cup of hot water "disintegrated" and caused the hot water to fall on him (the "subject accident"). ECF No. 2. On February 23, 2021, defendant Sodexo Operations, LLC filed a third-party complaint, seeking *inter alia* contribution and indemnification for from Vitality for the subject accident. ECF No. 38. Following the commencement of the third-party action, on April 26, 2021, this Court so-ordered a Case Management Plan concerning the timing of discovery. ECF No. 48.

      Thereafter, on July 13, 2021, Vitality served Plaintiff with requests for production of documents, as well as a set of interrogatories, pursuant FRCP Rules 26, 33, and 34 ("Vitality's Requests"). Plaintiff failed to serve timely responses to Vitality's Requests. Vitality subsequently made several attempts via email and telephone obtain Plaintiff's responses, during which, Plaintiff's counsel advised that the failure to produce was attributable to administrative issues. Later, on August 25, 2021, Vitality requested, on consent of all parties, an extension of time to

Sobel Pevzner, LLC  
Cowie v. Sodexomagic, LLC

*October 22, 2021*  
P a g e | 2

complete discovery and a proposed modified Case Management Plan, which the Court so-ordered on August 26, 2021. ECF Nos. 59, 60, 61. Despite the modified Case Management Plan, as well as subsequent attempts to obtain compliance from Plaintiff via email and telephone conferences, as of the date of this letter, Plaintiff has still not responded to Vitality's Requests.

Where a party has otherwise failed to do so, under Rule 37(a)(3)(B), a court may compel such party to respond to interrogatories and requests for the production of documents served in accordance with FRCP 33 and 34, respectively.

In addition, under Rule 37(b)(2)(A), a court may issue various sanctions on a party where such party "fails to obey an order to provide or permit discovery." These sanctions may include outright dismissal of the action, as well as "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence". FRCP 37(b)(2)(A)(ii),(v). Factors a court will use when considering to impose sanctions include "the degree to which the offending party failed to comply with discovery, the importance of the information withheld and the extent of the prejudice occasioned by the delay". See, Church of Scientology Int'l v. Time Warner, Inc., No. 92 CIV. 3024 (PKL), 1994 WL 38677, at *4 (S.D.N.Y. Feb. 4, 1994).

Here, Plaintiff has entirely failed to respond to Vitality's Requests. Based on such failure, Vitality has been unable to review any of the factual bases of Plaintiff's claims and has been unable to obtain any medical records relating to Plaintiff's supposed injuries. As a result, Plaintiff has prejudiced Vitality by denying it, without explanation, information needed to evaluate Plaintiff's case and mount a defense. Furthermore, Plaintiff's failure to comply has concomitantly delayed Plaintiff's deposition, and has resulted in the parties' collective inability to comply with the modified Case Management Plan, requiring that all depositions be completed by October 15, 2021. ECF No. 60.

Accordingly, Vitality respectfully requests a conference to discuss such contemplated motion to extend the close of fact discovery, compel Plaintiff to produce of outstanding discovery by a date certain, and to dismiss Plaintiff's Complaint and/or preclude Plaintiff from providing any evidence or testimony at the trial of this action should he fail to comply. Vitality respectfully submits that should such conference not otherwise resolve the dispute, the contemplated motion can be filed within seven (7) days of such conference, with Plaintiff to receive twenty-one (21) days to oppose such motion, and permitting Vitality's reply within seven (7) days thereafter.

We thank the Court in advance for its time and attention to this matter. Should you have any questions, please feel free to contact the undersigned at your convenience.

Sincerely,

SOBEL PEVZNER, LLC

MICHAEL W. WYNN, ESQ.

Plaintiff shall respond to Defendant's letter by November 1, 2021.

SO ORDERED.

Date: October 25, 2021  
New York, New York

JOHN P. CRONAN  
United States District Judge