UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLTON COWIE,<br><br>                Plaintiff,<br>  -against-<br><br>SODEXOMAGIC, LLC, a Delaware Limited Liability Company; and SODEXO OPERATIONS, LLC a Delaware Limited Liability Company<br><br>                Defendants, | Docket No.: 1-20-cv-03151-JPC<br><br>**STIPULATED PROTECTIVE ORDER** |
| SODEXO OPERATIONS, LLC<br><br>                Third-Party Plaintiff,<br>  -against-<br><br>VITALITY FOODSERVICE, INC., d/b/a NESTLE PROFESSIONAL VITALITY and SEDA NORTH AMERICA, INC.,<br><br>                Third-Party Defendants. | |

      THIS MATTER having come before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the agreement of all parties to the entry of a Consent Protective Order limiting the use and disclosure of confidential and proprietary information produced by the parties.

      **IT APPEARS** to the Court that good cause exists for entry of this Consent Protective Order.

      **WHEREFORE**, the Court hereby ORDERS that the following provisions shall govern the discovery and use of confidential documents and information in this matter.

      **IT IS HEREBY STIPULATED AND AGREED,** by and among Plaintiff, CARLTON COWIE; Defendant, SODEXO MAGIC, LLC; Defendant and Third-Party Plaintiff, SODEXO OPERATIONS, LLC; and Third-Party Defendants VITALITY FOODSERVICE, INC., d/b/a NESTLE PROFESSIONAL VITALITY and SEDA NORTH AMERICA, INC. (collectively the

"Parties"), that certain discovery material is and should be treated as confidential and have agreed to the terms of this Order, as follows:

1. <u>Effect of this Order</u>. Any person subject to this Stipulated Protective Order ("Stipulated Order" or "Order")—including without limitation the Parties, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the terms of this Stipulated Order and be subject to the jurisdiction of this Court to enforce its provisions.

2. <u>Purposes, Limitations, and Scope</u>. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this action or agreed by the Parties is warranted, and for which suitable security protections and disposition at the end of these proceedings is appropriate. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that this Order does not create any entitlement to file confidential information under seal; all applicable state and local Rules of Court must be followed, and those Rules reflect the standards that will be applied when a party seeks permission from the Court to file material under seal. Even after termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a Court order otherwise directs.

3. <u>Proceedings and Information Governed</u>. This Stipulated Order will govern any document, information, or other thing furnished or produced by any Party to any other Party in connection with this action ("Discovery Materials"), which include, but are not limited to, information contained in responses to requests for production of documents and things, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony

2

and exhibits, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

4.   Use of Confidential Information.  Discovery Materials designated as Confidential Information in accordance with this Stipulated Order will not be used by receiving Parties except in connection with these proceedings, including the claims that are the subject of this action, the settlement of this action, any appeals of this action, and/or any subrogation, indemnity or contribution matters among the Parties relating to this action, and may not be used for any other business, commercial or competitive purpose, or in any other manner whatsoever.

5.   Safeguarding Confidential Information.  Any person subject to this Stipulated Order who receives from any other person any Discovery Materials must take reasonably sufficient steps to prevent its unauthorized access, use or disclosure by or to anyone else except as expressly permitted by this Stipulated Order.  The Parties and their counsel will maintain any Confidential Information produced to them securely, with the same care with which they protect their own and their clients' sensitive and confidential materials.  If a Party receiving Confidential Information confirms or suspects that they have been accessed, used, breached, or hacked, without authorization or in violation of this Stipulated Order, then the receiving Party must notify the producing Party no later than 24 hours after learning of the actual or possible unauthorized use or disclosure.  The receiving Party must fully cooperate in any effort by the producing Party to diagnose and remedy an actual or suspected unauthorized use or disclosure of Confidential Information, including by promptly providing complete information about the nature, cause and timing of the unauthorized use or disclosure and the systems through which it occurred.

6.   Disposition of Discovery Materials.  Any Party as to whom this action has been concluded, may at its option either (1) destroy all Confidential Information, or (2) securely store all Confidential Information in such a manner so as to preclude disclosure to persons other than those referenced in Paragraph 10 below, subject to the other terms, conditions and restrictions of this Order.  Upon request of the producing Party, Parties maintaining possession of Discovery

3

Material designated as Confidential Information shall certify in writing that such Discovery Material is being maintained in conformity with this Order, has been returned to the producing Party or has been destroyed. Notwithstanding the foregoing, each Party and their respective counsel may retain Confidential Information that has been filed with the Court (not under seal) or entered as evidence, and attorney work product which references or contains Discovery Material designated as Confidential Information, provided that all such information shall remain subject to this Order.

7. <u>Confidential Information Defined</u>. For purposes of this Stipulated Order, "Confidential Information" will mean all information or material that:

a. Is produced for or disclosed to a receiving Party; and

b. A Party reasonably and in good faith believes constitutes or contains information protected from disclosure by statute, trade secrets (as that term is defined and/or interpreted by New York courts and/or statute), business proprietary and/or confidential material, financial information, protected personal information or other confidential research, development, or commercial information, whether embodied in physical objects, documents, or other factual knowledge of persons; and

c. Has been designated as "Confidential" by the producing Party in compliance with this Stipulated Order.

The term "protected personal information" means social security numbers, taxpayer identification numbers, driver's license or state identification numbers, passport numbers, bank account numbers, credit card or debit card numbers, personal identification (PIN) codes or passwords, or other personal information protected by applicable law. A "Confidential" designation may not be applied to any documents or electronically stored information that have been at any time produced, disclosed or made available to the public or otherwise available for public access outside of this litigation. Notwithstanding the foregoing, the Parties may designate as "Confidential" any proprietary or protected personal information disclosed to a governmental

4

entity pursuant to a written confidentiality agreement or under circumstances in which the documents or information ordinarily would be maintained in confidence pursuant to statute, rule or regulation, legal process or customary agency practice.

        8.     <u>Designation of Confidential Information or Material</u>.  A producing Party may only designate material as confidential based upon a reasonable and good faith determination by an attorney that the material contains Confidential Information as defined by this Order.  The producing Party shall designate Discovery Materials as Confidential Information by stamping or affixing to the physical objects, documents, discovery responses, or deposition transcripts a stamp or other inscription that states: "Confidential" and the case number "Case No. 1:20-CV-03151-JPC."  Electronic files that cannot be conveniently labeled shall be designated in some other prominent way to indicate the files are "Confidential Information."  The designation shall not interfere with the legibility of the document or file.  The producing Party shall bear the ultimate burden of proving that any documents or information it has designated confidential meets the definition of "Confidential Information" set forth in paragraph 7 of this Stipulated Order.  Upon request by a receiving Party, the designating Party shall specify the basis for the confidential designation.

        a.     For written material, documents, or other tangible items, the designation of Confidential Information must be made when the material is produced to the receiving Party. Designation of "Confidential Information" in deposition or other transcripts shall be made pursuant to the provisions of paragraph 14 below.

        b.     For information not reduced to written material, documents, or other tangible items, or information that cannot be conveniently designated as set forth in this paragraph, the producing Party must designate the Confidential Information by giving written notice to the receiving Party at the time the Confidential Information is produced.  The written notice must clearly identify or describe which part of the information being produced is designated as confidential.

5

c. If a party elects to make its business records available to another Party to this action for inspection and copying, in the manner in which the records are maintained by the Party in the ordinary course of business, in lieu of producing specific documents, or in lieu of responding to interrogatories or other written discovery, the Party making its business records available for inspection and copying is not required to stamp or affix to each document or record the word "Confidential" and the case number, as is required in the first sentence of this section. In lieu thereof, within 30 days of receiving a copy of the documents and materials selected for copying by the reviewing Party, the producing Party can designate confidential information in the manner described in subparagraphs (a) and (b) of this paragraph 8.

d. Inadvertent failure to designate qualified documents or information as confidential when the documents or information are produced does not waive the producing Party's right to secure protection under this Order for such documents or information. If documents or information are properly designated as confidential after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that such documents or information are treated in accordance with the provisions of this Order.

9. <u>Party's Own Information</u>. The restrictions on the use of Confidential Information established by this Stipulated Order apply only to the use by a Party of Confidential Information received from another Party to this action and shall not apply to the use by a Party of its own information or any documents or information that such Party acquired from sources other than the discovery and disclosures in this action.

10. <u>Protection of Confidential Information</u>. Any information or material designated as Confidential Information will be handled by the receiving Party, and all other Parties who receive copies of said information and/or material, in accordance with the terms of this Stipulated Order. Confidential Information will be held in confidence by each receiving Party and will be used by each receiving Party only for purposes of this action and/or for the additional purposes set forth in paragraph 4 and not for any business, competitive or other purpose. Confidential Information will

not be disclosed to, or the substance discussed with, any person who is not an "authorized recipient," except as provided in this Stipulated Order.

For purposes of this Stipulated Order, the term "authorized recipient" shall mean:

a. The Parties to this action, including their officers, directors, current and former employees, affiliates, and claims administrators to whom disclosure of Confidential Information is deemed necessary by that Party for purposes of this action and/or for the additional purposes described in paragraph 4, only;

b. The attorneys of record in this action, attorneys employed in-house by or on behalf of the Parties, and any attorneys retained by the Parties in this action to consult on the litigation and/or any appeal of the litigation, and/or on the claims or matters described in paragraph 4; their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and such other persons retained by such attorneys to provide litigation support services in this action;

c. Defendants' and Third-Party Defendants' insurers, insurer intermediaries, to whom a Defendant of Third-Party Defendant has an obligation to report or cooperate, but only (a) to the extent necessary to satisfy that obligation and (b) provided that any such insurer, insurer intermediary is advised of this Order and, provided that the Party under obligation to report or cooperate shall use best efforts to ensure that any Confidential Information that is disclosed is treated as confidential by the recipient(s);

d. Any person or entity to whom/which any Party is statutorily obligated to produce such Confidential Information, provided that the Party under statutory obligation shall use best efforts to ensure that any Confidential Information that is disclosed is treated as confidential by the recipient(s);

e. Experts and consultants retained in connection with this action,

f. Any persons to whom the Court in this action orders that the document be accessible only to counsel of record rather than to the Parties; and

7

g.  Witnesses or potential witnesses in this action who are not otherwise subject to subparagraph (a) or (b) above;

h.  Any mediator, arbitrator or provider of alternative dispute resolution services retained by the Parties in connection with this action;

i.  Court personnel in connection with this action, including but not limited to any discovery master or referee and court reporters and other persons involved in recording deposition testimony in this action; and

j.  Employees of copying services and litigation support vendors utilized with respect to this action.

11.  **Disclosure to Experts and Consultants**.  If, in the exercise of his/her/its sole discretion, an authorized recipient determines it necessary to disclose a producing Party's Confidential Information to an independent (i.e., not party-affiliated) expert or consultant, including a jury consultant, retained by the authorized recipient or his/her/its attorneys to assist in this action, whether or not such person is designated to testify as an expert at trial, the authorized recipient, prior to providing any Confidential Information to the expert consultant, will require the expert or consultant to complete and sign a declaration in the form of Attachment "A" to this Stipulated Order, stating that he or she has read and understands this Order and agrees to be bound by its terms. After the Parties designate the experts expected to testify at trial, the designating Parties who have disclosed Confidential Information to any such designated experts or consultants pursuant to this section shall, upon request, provide the other Parties in this case with a copy of all acknowledgement forms completed and signed by the designated experts or consultants who received the Confidential Information.  Acknowledgement forms signed by non-testifying experts or consultants need not be provided to the other Parties.

12.  **Challenges To and Removal of Confidential Designation**.  Nothing in this Stipulated Order shall preclude any Party from challenging a designation of any information or material as "confidential" by any other Party. Confidential Information designated by a Party will

8

be so treated for all purposes and shall continue to be treated as confidential unless and until the Court rules to the contrary. Any Party may challenge or object to the designation of any information or material as Confidential Information under this order, by giving counsel for all other Parties written notice of its challenge and/or objection, which notice shall specify the items of Confidential Information at issue and set forth the reasons for the challenge and/or objection. The written notice shall attach a copy of such designated material or shall identify each challenged document by production number or deposition by page number and shall (a) state that the receiving Party objects to the designation, and (b) set forth the reasons for such objection. The designating Party shall, within 10 days of receiving a notice of challenge or objection, notify the objecting Party in writing whether it will consent to declassifying the Confidential Information as requested. In the event the designating Party does not agree to declassify the "confidential" information, counsel for the objecting Party shall then initiate a conference and make a good faith effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement, the Party challenging the "confidential" designation at issue may make an application to the Court to remove such designation, subject to the rules generally applicable to motions unless the Court authorizes an alternative procedure. The Party designating documents or materials as confidential has the burden to show the designation is proper. In the event a motion is filed, there shall be no disclosure inconsistent with the limitations on disclosure provided for under this Order until a ruling is made by the Court on the motion. Nothing in this paragraph shall preclude informal discussions between the Parties to address by mutual agreement confidential designations (including but not limited to designations made in error) without resort to the formal procedures outlined in this paragraph. Challenges to the confidentiality of documents or information may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation, provided, however, that any such challenge must be made prior to the final pre-trial status conference.

13. <u>Copies of Confidential Information</u>. Nothing in this Stipulated Order shall prevent or otherwise restrict an authorized recipient from making working copies of Confidential Information for use in connection with this action and/or for the additional purposes described in paragraph 4. All working copies will be considered Confidential Information under the terms of this Stipulated Order.

14. <u>Testimony</u>. Notwithstanding any provision of this Stipulated Order to the contrary, any person may be examined as a witness at deposition and may testify concerning all Confidential Information of which the person is the author, addressee or has knowledge. If the examination concerns Confidential Information, the producing Party will have the right to exclude from the portion of the deposition concerning the Confidential Information any person other than the witness, the witness's attorney(s), and authorized recipients of the Confidential Information. A Party may designate a deposition transcript as confidential by making a statement on the record that the transcript or a portion thereof shall be designated confidential, or by written notice of such designation served on counsel for all Parties within thirty (30) calendar days after the mailing to counsel or the Parties of the transcript containing the testimony to be designated confidential. Counsel will conform their copies of the transcript in accordance with the designation. If only a portion is designated confidential, the portions so designated will thereafter be bound in a separate booklet, conspicuously marked on the cover thereof with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be treated as Confidential Information subject to this Order. Any disputes over this designation, in whole or in part, will be resolved through the procedure and in accordance with the burden of proof designated in Paragraph 12, above.

15. <u>Filing Under Seal</u>. The following provisions with respect to the procedures for filing documents under seal supplement paragraph 4 of the Individual Rules and Practices of Hon. John P. Cronan. The designation of information or material as Confidential Information shall not affect its admissibility or authenticity or use as evidence in this action. Unless otherwise determined by the Court, the use of Confidential Information in a court proceeding shall not

constitute a waiver of its status as "confidential" nor shall it create a presumption of public access to these materials. In the event a Party seeks to file any material that is subject to protection under this Order with the Court, that Party shall take appropriate action to ensure that the material receives proper protection from public disclosure. When feasible, a Party seeking to file Confidential Information with the Court should first consult with counsel for the Party that designated the information as confidential to determine if some measure less restrictive than filing the material under seal may serve to provide adequate protection, including but not limited to permission from the designating Party that the material need not be filed under seal. Any Party that seeks to file a document or part of a document under seal must provisionally file the document under seal and file at the same time a motion for leave to file the document under seal. The motion must contain information sufficient for the Court to determine whether sealing is warranted, including the following:

    a.    a non-confidential description of the material sought to be sealed;

    b.    the circumstances that warrant sealed filing;

    c.    the reason(s) why no reasonable alternative to a sealed filing exists;

    d.    if applicable, a statement that the Party is filing the material under the terms of a protective order in a manner that triggered an obligation to file the material under seal and that the filing Party has unsuccessfully sought the consent of the designating Party to file the materials without being sealed;

    e.    if applicable, a statement that any designating Party that is not a party to the action is being served with a copy of the motion for leave;

    f.    a statement that specifies whether the Party is requesting that the document be accessible only to counsel of record rather than to the Parties; and

    g.    a statement that specifies how long the Party seeks to have the material maintained under seal and how the material is to be handled upon sealing.

Until the Court rules on the sealing motion, no document provisionally filed under seal may be disclosed except as provided under this Stipulated Order. Within five (5) business days of the filing or provisional filing of a document under seal, the Party that filed the document should file a public version of the document. The public version may bear redactions or omit material, but the redactions or omissions should be as limited as practicable. In the rare circumstance that an entire document is filed under seal, in lieu of filing a public version of the document, the filing Party must file a notice that the entire document has been filed under seal. The notice must contain a non-confidential description of the document that has been filed under seal. If a motion for leave to file under seal is filed by a Party who is not the designating party, then the designating party may file a supplemental brief supporting the sealing of the document within seven (7) business days of service of the motion for leave. In the absence of a brief, the Court may summarily deny the motion for leave and may direct that the document be unsealed.

16. <u>Subpoenas</u>. If any person or Party having possession, custody, or control of any Confidential Information received from another producing Party receives a subpoena or other process or order to produce the Confidential Information, he/she/it will as soon as reasonably possible, but in any event no later than three (3) business days after receipt of the subpoena or other process:

a. Notify in writing the attorneys of record for the Party that produced the Confidential Information sought in the subpoena or other process;

b. Furnish those attorneys with a copy of the subpoena or other process or order; and

c. Provide reasonable cooperation to the Party whose interests may be affected with respect to a procedure to protect the Confidential Information sought. If the Party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure, process, or order until the court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or Party

12

receiving the subpoena or other process, or order will be entitled to comply with it if the person or Party has fulfilled its obligations under this Order.

17. <u>Inadvertent Disclosure of Confidential Information</u>. If any receiving Party or non-party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, that Party or non-party must as soon as practicable (a) notify in writing the producing Party of the identity of the person to whom the disclosure was made and the Confidential Information that was disclosed, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (d) use its best efforts to have such person or persons execute the declaration in the form of Attachment "A." The producing Party may also seek additional relief from the Court upon notice to all Parties or counsel and upon a showing of good cause.

18. <u>No Waiver</u>. The taking of, or the failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information is or is not relevant, material, or otherwise discoverable, or is or is not entitled to particular protection. This Order is entered without prejudice to the right of any Party to apply to the Court at any time to relax or rescind the terms of this Order when convenience or necessity requires. The procedure set forth in this Order will not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a Party of the necessity of proper responses to discovery devices.

19. <u>No Probative Value</u>. This Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information. The fact that information is designated as Confidential Information under this Order

13

will not be determinative of what a trier of fact may determine to be confidential or proprietary. The fact that any information designated confidential pursuant to this Order is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or tribunal as evidence that the information:

    a.    Is or is not relevant, material, or otherwise admissible;

    b.    Is or is not confidential or proprietary to any Party;

    c.    Is or is not entitled to particular protection; or

    d.    Embodies or does not embody trade secrets, business proprietary, or confidential research, development, or commercial information of any Party.

20.    <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time considers appropriate.  The provisions of this Order regarding the use or disclosure of information designated as Confidential Information will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

21.    <u>Amendments</u>.  The Parties may amend this Stipulated Order in writing and may seek to have the amendments entered by the Court as part of this Order.  This Order also shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for the purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

22.    <u>Interpretation</u>.  This Stipulated Order has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Stipulated Order.  Accordingly, none of the Parties hereto shall be entitled to have any provisions of the Stipulated Order construed against any of the other Parties hereto in accordance with any rule of law, legal decision, or doctrine, such as the doctrine of contra proferentem, that would require interpretation of any ambiguities in this Stipulated Order against the Party that has drafted

it. The provisions of this Stipulation and Order shall be interpreted in a reasonable manner to affect the purposes of the Parties hereto and this Stipulated Order.

23. **Binding on all Parties/Extension to Non-Parties.** This Stipulation, upon entry as an Order of the Court, shall bind the Parties represented by the undersigned counsel, the Parties' agents, officers, directors, affiliates, employees, representatives, and claims administrators who receive notice of this Stipulated Order, and all other Parties who appear in this case during the course of this litigation. If non-parties produce documents and desire to have them produced under the terms of this Stipulated Order, the Parties agree to meet and confer and, if unable to agree, the non-parties may seek amendment to the Stipulated Order by motion.

SO ORDERED, this the 10 day of ~~August~~ November, 2021.

_____
Hon. John P. Cronan
United States District Judge

ROGER VICTOR ARCHIBALD, PLLC

_____
By: Roger V. Archibald, Esq
Attorneys for Plaintiff
26 Court Street, Suite 711
Brooklyn, NY 11242
718-237-1111
brooklynatty@hotmail.com

CULLEN & DYKMAN LLP

_____
By: John G. Cosgrove, Esq.
Attorneys for Defendants/Third-Party Plaintiff
Sodexo Operations, LLC &
SodexoMAGIC, LLC
44 Wall Street
New York, NY 10005
212-732-2000
jcosgrove@cullenllp.com

GERBER CIANO KELLY BRADY LLP

_____
Alexi T. Poulianos, Esq.
Attorneys for Third-Party Defendant
Seda North America, Inc.
1325 Franklin Avenue, Suite 500
Garden City, New York 11530
T/F: (516) 329-9409
Email: apoulianos@gerberciano.com
File:    1369.0004

SOBEL PEVZNER, LLC

_____
By: Curtis Sobel, Esq.
SOBEL PEVZNER, LLC
Attorneys for Third-Party Defendant
Vitality FoodService, Inc. d/b/a
Nestle Professional Vitality
464 New York Avenue, Suite 100
Huntington, New York 11743
631-549-4677
CSobel@sobelpevzner.com
File No.: N-15455

15